IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| GENE VELA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | 1-15-CV-1015 RP |
| | § | |
| THE CITY OF AUSTIN TEXAS., ET AL.,, | § | |
| | § | |
| Defendants. | § | |

### ORDER

Before the Court are Defendants' Sergeant Andrew Westbrook, Officer Adrien Chopin, Officer Leonardo Cardenas, Officer Joseph Poswalk, Officer Ryan Hancock, Officer John Ricker, Detective Christopher Vetrano and Officer Christopher Bartsch 12(b)(6) Motion to Dismiss, filed February 29, 2016 (Clerk's Dkt. #3); Defendant City of Austin's 12(b)(6) Motion to Dismiss, filed February 29, 2016 (Clerk's Dkt. #4); and the responsive pleadings thereto. After reviewing the pleadings, relevant case law, as well as the entire case file, the Court issues the following order.

### I. BACKGROUND

Plaintiff Gene Vela ("Vela") brings this action against defendants the City of Austin Texas ("the City") and Austin Police Officers Sergeant Andrew Westbrook, Officer Adrien Chopin ("Chopin"), Officer Leonardo Cardenas ("Cardenas"), Officer Joseph Poswalk, Officer Ryan Hancock, Officer John Ricker, Detective Christopher Vetrano and Officer Christopher Bartsch (collectively "the Officers").

This action arises from an incident at Plaintiff's home on November 10, 2013. According to Plaintiff, the Officers arrived at his poorly lit front door in the night and began pounding loudly on the door with their batons without announcing their presence as police officers. Plaintiff states he simultaneously received a phone call from somebody identifying themselves as "Austin Police Department dispatch," but states he found the call confusing because he did not call for police

assistance and he was not engaged in any behavior or activity that he would reasonably believe would summon or otherwise involve the police. (Plf. Compl. ¶¶ 19-22).

Plaintiff allege he was disturbed by the noise, "so he took his pistol and went into his living room to investigate" from his bedroom. (*Id.* ¶ 23). According to Plaintiff, "[o]ver the next 30-plus minutes, a surreal, silent nearly deadly standoff followed" during which the Officers took up positions outside his apartment, with Chopin and Cardenas armed with tactical assault rifles equipped with scopes. Approximately fifteen minutes later Chopin and Cardenas shot Plaintiff three times. Plaintiff states that "[e]ach time they shot [him], he was not presenting any danger to anybody nor was he engaged in any action that could be perceived as threatening to any civilian or policeman." (*Id.* ¶¶ 23-24).

Further, according to Plaintiff, at no time did any officer at the scene attempt to identify themselves, command him to open his door and come outside, announce or attempt to announce their presence or intentions prior to Chopin and Cardenas shooting him. Plaintiff states the first and only time the Austin Police announced their presence was when a hostage negotiator used a public address system to order him to exit his apartment approximately ten minutes after he was shot, an order he states he complied with. (*Id.* ¶¶ 27-28).

Plaintiff alleges he sustained a gunshot wound to his left shoulder as well as multiple bullet fragmentation injuries to his chest, left arm, and left hand. (*Id.* ¶ 26). Plaintiff was taken into custody and arrested after receiving medical treatment. On December 11, 2013 Plaintiff was indicted for Aggravated Assault Against a Public Servant with Deadly Weapon. After sixteen months in jail, on March 4, 2015 he was acquitted by a jury. (*Id.* ¶¶ 29-32).

Plaintiff asserts a cause of action under 42 U.S.C. § 1983 ("Section 1983") against the Officers for excessive use of force. (*Id.* ¶¶ 33-39). Plaintiff further asserts a cause of action under Section 1983 against the City for the inadequate policies and practices which he contends resulted in the use of force by the Officer against him. (*Id.* ¶¶ 40-46). Plaintiff additionally asserts a cause

of action under state law against the Officers for false imprisonment and/or false arrest. (*Id.* ¶¶ 47-49). Plaintiff also asserts a cause of action under state law against Chopin and Cardenas for assault and battery. (*Id.* ¶¶ 50-54). Plaintiff finally asserts a cause of action under state law for malicious prosecution. (*Id.* ¶¶ 55-65).

The Officers and the City have each filed motions seeking to dismiss Plaintiff's claims against them. Specifically, the Officers contend: (1) Plaintiff's claims against them are barred by the statute of limitations; and (2) Plaintiff has failed to state a claim for malicious prosecution. The City also argues Plaintiff's claim against it is time-barred. The parties have filed responsive pleadings and the motion is ripe for review.

## II.  STATUTE OF LIMITATIONS

All of the defendants argue Plaintiff's claims are barred because he did not comply with his obligation to timely serve them prior to the expiration of the relevant statutes of limitations.

**A.     Applicable Law**

Dismissal of a claim under Rule 12(b)(6) as barred under the applicable statute of limitations is proper where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling. *See Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) (dismissing where amended complaint failed to allege or even remotely suggest plaintiffs were not aware of discrimination during their employment). *See also Kansa Reinsurance v. Cong. Mortg. Corp.*, 20 F.3d 1362, 1366-70 (5th Cir. 1994) (dismissing claim as time barred where claim was clearly filed after applicable limitations statute had run and it was evident from pleadings that plaintiff was not entitled to benefit of discovery rule).

Section 1983 has no statute of limitations period, thus federal courts apply the state prescription statute governing the most analogous cause of action. *Braden v. Texas A & M Univ. Sys.*, 636 F.2d 90, 92 (5th Cir. 1981). In Texas, a two-year statute of limitations applies to

constitutional injury claims. *Hitt v. Connell*, 301 F.3d 240, 246 (5th Cir. 2002); *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001).

Claims for false imprisonment and false arrest, as well as for assault and battery, are also governed by a two year statute of limitations. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003 (establishing two year limitations period for tort claims); *Alvarado v. Shipley Donut Flour & Supply Co.* 526 F. Supp. 2d 746, 766 n. 49) (S.D. Tex. 2007) (statute of limitations for assault and battery under Texas law is two years); *Patrick v. Howard*, 904 S.W.2d 941, 943 (Tex. App.–Austin 1995, no writ) (false arrest and false imprisonment governed by two-year limitations period).

In Texas, a claim for malicious prosecution is governed by a one year statute of limitations. TEX. CIV. PRAC. & REM. CODE ANN. § 16.002(a) ("A person must bring suit for malicious prosecution ... not later than one year after the day the cause of action accrues."). The cause of action accrues at the time the criminal prosecution against the plaintiff is terminated. *Torres v. GSC Enters., Inc.*, 242 S.W.3d 553, 561 (Tex. App.–El Paso 2007, no pet.) (statute of limitations on malicious prosecution claim begins to run when criminal prosecution at issue is terminated).

**B.   Discussion**

Both the Officers and the City first argue Plaintiff's Section 1983 claims against them are barred because he did not serve them with process within two years of the accrual of his cause of action. According to Defendants, Plaintiff's Section 1983 causes of action accrued on November 10, 2013. They concede he filed this action within two years, on November 6, 2015. However, Defendants maintain he did not serve them until between February 8 and February 15, 2016, outside the time permitted under the Federal Rules of Civil Procedure.

Specifically, Defendants point to the language of Rule 4(m) of the Federal Rules of Civil Procedure which directs a court to dismiss an action if "a defendant is not served within 90 days after the complaint is filed." FED. R. CIV. P. 4(m). Plaintiff, however, correctly points out that the

4

deadline cited by Defendants was changed in recent amendments to the Federal Rules of Civil Procedure.  Under the prior rule, a plaintiff was afforded 120 days after the complaint is filed to effectuate service. FED. R. CIV. P. 4(m) (2015).  Plaintiff maintains the previous version applies to his action as it was in effect at the time he filed this action

Defendants, in turn, contend the amended version of Rule 4 applies to this action because Plaintiff did not request or obtain summons until after December 1, 2015, the effective date of the amendment.  Defendants' argument fails to note the language of the order adopting the amendments.  In pertinent part, the order states that "the foregoing amendments to the Federal Rules of Civil Procedure shall take effect on December 1, 2015, and shall govern in all proceedings in civil cases thereafter commenced and, insofar as just and practicable, all proceedings then pending." FED. R. CIV. P. Refs & Annos (Order of April 29, 2015).  This language makes clear Plaintiff was permitted 120 days to serve process. *See Sobania v. Locals 302 & 612 Int'l Union of Operating Eng'rs*, 2016 WL 1436124, at *1 n.1 (W.D. Wash. Apr. 12, 2016) ("Because Mr. Sobania filed his original complaint in October 2015 (see Compl.), the court considers Mr. Sobania's deadline for timely service under Rule 4(m) to be 120 days from the date he filed his complaint"); *Cankat v. Café Iguana, Inc.*, 2016 WL 1383490, at *1 n.1 (E.D.N.Y. Apr. 7, 2016) (pre-amendment Rule 4 appropriately applied based on September 2015 filing date); *Carinci v. 7-Eleven, Inc.*, 2016 WL 1319724, at *1 (W.D. Pa. Apr. 5, 2016) ("We construe this language as permitting plaintiff to rely upon the former 120 day limit").  As Defendants admit Plaintiff served them within that time, their assertion of failure to comply with Rule 4 as a basis for dismissal is without merit.

Defendants also suggest Plaintiff's delay in service of process evidenced a lack of due diligence and thus his Section 1983 claims should be dismissed as time barred.  However, the Texas rule requiring due diligence in service, discussed further below, does not apply to Section 1983 claims filed in federal court. *See Gonzales v. Wyatt*, 157 F.3d 1016, 1021 n.1 (5th Cir.1998) (concluding Texas due diligence rule for service of process does not apply to section 1983 actions

in Texas federal court). *See also Jackson v. Duke*, 259 F.2d 3, 6 (5th Cir. 1958) ("In an action under the civil rights statute, while state law controls as to the time within which an action must be begun, the manner in which it is commenced and when it is deemed to have begun, being procedural and not substantive, is covered by the Federal Rules of Civil Procedure"). Accordingly, the Court declines to find that Plaintiff's Section 1983 claims should be dismissed as time barred.

As to Plaintiff's state law claims, the analysis must consider whether Plaintiff acted with due diligence. The Texas Supreme Court "long ago established the rule that the mere filing of a suit will not interrupt or toll the running of a statute of limitation; that to interrupt the statute, the use of diligence in procuring the issuance and service of citation is required." *Rigo Mfg. Co. v. Thomas*, 458 S.W.2d 180, 182 (Tex. 1970). *See Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007) ("a timely filed suit will not interrupt the running of limitations unless the plaintiff exercises due diligence in the issuance and service of citation"); *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990) (to "bring suit" within limitations period, plaintiff must not only file timely, but must also use diligence to have the defendant served with process). When a plaintiff files suit within the limitations period, but does not serve the defendant until after the statutory period has expired, the date of service relates back to the date of filing if the plaintiff exercised diligence in effecting service. *Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 890 (Tex. 1975).

Plaintiff's claim for malicious prosecution accrued at the time of his acquittal on the charge of aggravated assault, on March 4, 2015. The Officers concede they were served with process in February 2016, less than one year later. Accordingly, Plaintiff's claim of malicious prosecution is not barred by limitations.

The parties agree Plaintiff's claims for false imprisonment, false arrest and for assault and battery accrued on November 10, 2015. Plaintiff filed this lawsuit just less than two years later, on November 6, 2015. However, he did not request issuance of summons until February 5, 2016, some 91 days later. Defendants argue Plaintiff's delay evidences a lack of the diligence required

under Texas law.

Plaintiff only briefly addresses the issue of due diligence in responding to the Officers' motion to dismiss. Although not precisely clear, he appears to suggest that his compliance with Rule 4's deadline is sufficient to establish the due diligence required under Texas law. However, the case law is to the contrary. *See Ortega v. Young Again Prods., Inc.*, 548 F. App'x 108, 113 (5th Cir. 2013) (to comply with limitations, plaintiff must file lawsuit and serve lawsuit on defendant within the limitations period); *Barlow v. Wal-Mart Stores, Inc.*, 215 F. App'x 317, 317-18 (5th Cir. 2006) (unexplained delays in serving defendants did not meet due diligence required to excuse service outside limitations period); *Saenz v. Keller Indus. of Tex., Inc.*, 951 F.2d 665, 667 (5th Cir. 1992) ("lack of due diligence may be found as a matter of law if the plaintiff offers no excuse for his failure to procure service"); *Slagle v. Prickett*, 345 S.W.3d 693, 698 (Tex. App.–El Paso 2011, no pet.) ("[W]hen a defendant complains of lack of due diligence in service of process, the plaintiff must explain what steps he took to obtain service, not explain why he did nothing."); *Holt v. D'Hanis State Bank*, 993 S.W.2d 237, 241 (Tex. App.–San Antonio 1999, no writ) (once the limitations period has ended, "[a]n unexplained delay constitutes a lack of due diligence as a matter of law."). *See also Paredes v. City of Odessa*, 128 F. Supp. 2d 1009, 1020 (W.D. Tex. 2000) ("as in all other aspects of the statute of limitations, any delay after the expiration of the limitations period is significant, whether one day or three months"). Accordingly, the Court concludes Plaintiff's state law claims against the Officers for false imprisonment, false arrest and for assault and battery are barred by the applicable statute of limitations.

### III.  MALICIOUS PROSECUTION CLAIM

The Officers also argue that Plaintiff's malicious prosecution claim fails to state an actionable claim for relief and thus should be dismissed.

**A.     Standard of Review**

When evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6) the complaint must be liberally construed in favor of the plaintiff and all facts pleaded therein must be taken as true. *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Although Federal Rule of Civil Procedure 8 mandates only that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief," this standard demands more than unadorned accusations, "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. The court must initially identify pleadings that are no more than legal conclusions not entitled to the assumption of truth, then assume the veracity of well-pleaded factual allegations and determine whether those allegations plausibly give rise to an entitlement to relief. If not, "the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting FED. R. CIV. P. 8(a)(2)).

**B.     Discussion**

The Officers assert Plaintiff's claim under state law for malicious prosecution should be dismissed. Under Texas law, the elements of malicious prosecution are that (1) a criminal prosecution was commenced against the plaintiff; (2) the defendant initiated or procured that prosecution; (3) the prosecution terminated in the plaintiff's favor; (4) he was innocent of the charges; (5) the defendant lacked probable cause to initiate the prosecution; (6) the defendant acted with malice; and (7) the plaintiff suffered damages. *Cuba v. Pylant*, 814 F.3d 701, 712 (5th Cir. 2016) (citing *Kroger Tex., Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 792 n.3 (Tex.2006)). In

8

moving to dismiss, the Officers argue that Plaintiff has alleged facts which negate the fifth element, that is, they contend he has conceded there was probable cause to initiate the prosecution against him.

As noted above, Plaintiff was charged with aggravated assault with a deadly weapon. Under Texas law, a person commits the offense of assault if that person intentionally or knowingly threatens another with imminent bodily injury. TEX. PENAL CODE ANN. § 22.01(a)(2). An assault becomes aggravated if the person uses or exhibits a deadly weapon during commission of the assault. *Id.* § 22.02(a)(2). The definition of a "deadly weapon" specifically includes a firearm. *Id.* § 1.07(a)(17).

In support of their argument, the Officers point to Plaintiff's allegations that on November 10, 2013 "he took his pistol and went into his living room to investigate" the noise he heard at his front door, and that "[o]ver the next 30-plus minutes, a surreal, silent nearly deadly standoff followed." (Plf. Compl. ¶ 23). According to the Officers, Plaintiff's admission that he had a pistol and a "standoff followed" is sufficient to establish they reasonably believed he threatened one or more of them.

The Officers are correct that they needed only a reasonable belief of a threat to support Plaintiff's arrest and prosecution. This is so because probable cause has been defined as simply the "facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person or one of reasonable caution, in believing in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Piazza v. Mayne*, 217 F.3d 239, 245-46 (5th Cir. 2000) (quoting *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979)).

The Officers' argument, however, fails to consider the entirety of Plaintiff's allegations. Plaintiff did admit to possessing a firearm in his own home. However, he also states the Officers did not identify themselves, and that the entrance to his home was not well lit. In addition, Plaintiff specifically states that "[e]ach time they shot [him], he was not presenting any danger to anybody

9

nor was he engaged in any action that could be perceived as threatening to any civilian or policeman." (Plf. Compl. ¶¶ 23-24).

Contrary to the Officers' characterization, Plaintiff has specifically alleged that his actions could not be perceived by a reasonable officer as threatening. At this initial stage of the litigation, Plaintiff's allegations must be taken as true. Accordingly, the Court finds Plaintiff has stated a cause of action for malicious prosecution.

## IV.  CONCLUSION

Accordingly, the Court hereby **GRANTS in PART** Defendants' Sergeant Andrew Westbrook, Officer Adrien Chopin, Officer Leonardo Cardenas, Officer Joseph Poswalk, Officer Ryan Hancock, Officer John Ricker, Detective Christopher Vetrano and Officer Christopher Bartsch 12(b)(6) Motion to Dismiss (Clerk's Dkt. #3) and **DENIES** Defendant City of Austin's 12(b)(6) Motion to Dismiss (Clerk's Dkt. #4). Plaintiff's claims under state law for false imprisonment, false arrest and for assault and battery are dismissed with prejudice. All other relief requested is denied.

**SIGNED** on April 19, 2016.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE